Argued and submitted March 3, judgment for defendant Portland General Electric reversed and remanded; appeal dismissed as to defendant Clackamas County April 26, reconsideration denied July 14, petition for review allowed August 29, 1989 (308 Or 315)

**VIERRA et al,**
*Appellants,*

*v.*

**CLACKAMAS COUNTY et al,**
*Respondents.*

(86-10-145; CA A47423)

772 P2d 1346

Kelly Michael Doyle, Portland, argued the cause and filed the briefs for appellants.

No appearance for respondent Clackamas County.

S. Bradley Van Cleve, Portland, argued the cause for respondent Portland General Electric. With him on the brief was Roger K. Harris, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action to recover damages for personal injury and property damage that allegedly resulted from the escape onto their property of a pesticide that employes of Portland General Electric (defendant) were spraying as part of a "wire maintenance program" in the right of way on a public road. The trial court granted defendant's motion for summary judgment and entered a judgment in its favor pursuant to ORCP 67B.[1] Plaintiffs appeal, and we reverse.

The trial court concluded that defendant is a "pesticide operator," as defined in ORS 634.006(13), and that plaintiffs were therefore required to, and did not, comply with the "report of loss" requirements of ORS 634.172 that are prerequisite to bringing an action against a pesticide operator.[2] The court held that the action is barred. Plaintiffs make four assignments of error. We need decide only the first, in which they contend that defendant is not a pesticide operator and that their claim was therefore not barred for failure to file a report of loss.

ORS 634.006(13) provides:

" 'Pesticide operator' means a person who owns or operates a business engaged in the application of pesticides upon the land or property of another."

The parties agree that the employes of defendant who were involved in the spraying are "public applicators." That term is defined by ORS 634.006(17) as

---

[1] Plaintiffs made similar allegations against Clackamas County. The county is named as a respondent in the notice of appeal. However, the judgment attached to the notice, and all of the issues that the parties raise, relate only to the action against Portland General Electric. We dismiss the appeal as to the county. We refer to Portland General Electric as defendant in this opinion.

[2] ORS 634.172(1) provides:

"No action against a pesticide operator, arising out of the use or application of any pesticide, shall be commenced unless the claimant has filed a report of the loss with the department, and mailed or personally delivered a true copy of such report of loss to the pesticide operator allegedly responsible and a true copy of such report to the person for whom such work was done, if other than the claimant, within 60 days from the occurrence of such loss or within 60 days from the date when the claimant discovered that such loss had occurred. If the damage is alleged to have been caused to growing crops, the report shall be filed prior to the time when 50 percent of the crop is harvested."

"a person who is an employe of the State of Oregon or its agencies, counties, cities, municipal corporations, other governmental bodies or subdivisions thereof, irrigation districts, drainage districts and public utilities and who performs or carries out the work, duties or responsibilities of a pesticide applicator."

"Pesticide applicator," defined by ORS 634.006(9), means

"a person who:

"(a)    Is spraying or applying pesticides for others;

"(b)    Is authorized to work for and is employed by a pesticide operator; and

"(c)    Is in direct charge of or supervises the spraying or application of pesticides or operates, uses, drives or physically directs propulsion of equipment, apparatus or machinery, either on the ground or by aircraft in such activity."

The parties also agree that defendant is a public utility. ORS 634.116(1) requires pesticide operators to obtain a license "to engage in one or more of the classes of pest control or pesticide application business prescribed by the department [of Agriculture] under ORS 634.306(2)." ORS 634.116 also contains financial responsibility and other requirements for pesticide operators and places limits on their liability. However, ORS 634.116(12) provides that public utilities and certain other entities

"shall not be required to obtain a license as a pesticide operator or to furnish evidence of financial responsibility to the department, while applying pesticides to land or property under their ownership, supervision, control or jurisdiction."

ORS 634.116(13) provides:

"The employes of the persons or agencies described in subsection (12) of this section who perform or carry out the work, duties or responsibilities of a pesticide applicator are subject to the provisions of this chapter, except they shall be issued 'public applicator' licenses or, if they carry out the work, duties or responsibilities of a pesticide trainee, shall be issued 'public trainee' certificates, if they otherwise comply or qualify with the provisions of this chapter relating thereto."

*See also* ORS 634.116(15).

Defendant argues that it is, and plaintiffs argue that it is not, a "pesticide operator" under the plain meaning of the

statutory definition. Plaintiffs contend, in effect, that defendant does not operate a *business engaged in* the application of pesticides *on the property of another.* Defendant counters that it does operate a utility business and, in so doing, applies pesticides on property other than its own.[3]

Plaintiffs also argue that, because defendant's employes are "public applicators," rather than "pesticide applicators," and because the latter and not the former are defined, *inter alia,* as employes of pesticide operators, defendant is not a pesticide operator. Plaintiffs regard ORS 634.116(12) as bolstering that conclusion, because it provides that public utilities are not subject to the licensing requirement and certain other requirements that ORS chapter 634 places on pesticide operators.

Defendant contends that, under the definition in ORS 634.006(17), a public applicator *is* a pesticide applicator and that its employes come within the ORS 634.006(9) definition of pesticide applicator, because they spray pesticides for others (*i.e.,* defendant) and are employed by a pesticide operator (also defendant). Defendant argues further that ORS 634.116(12) shows that it *is* a pesticide operator. As defendant reads the statute, other subsections of ORS 634.116 spell out requirements that apply to pesticide operators and subsection (12) exempts it and certain other pesticide operators from the requirements. If public utilities are not pesticide operators within the contemplation of the statute, defendant suggests, there would have been no reason for the statute to refer to them or to exempt them.

The parties do not focus their arguments on ORS 634.116(13), which provides that employes who perform as pesticide applicators for the entities described in subsection (12) "are subject to the provisions of this chapter." Neither subsection (12) nor any other provision that we find makes a corresponding statement about the employing entities themselves. The seeming purpose of subsections (12) and (13), when read together, is to provide that utilities and other named entities are not pesticide operators for purposes of

---

[3] It does not argue, however, that it applies pesticides on property which is not under its "supervision, control or jurisdiction," the statuses other than ownership of the sprayed property to which the exemption under ORS 634.116(12) appears to be limited.

ORS chapter 634, at least when their application of pesticides is directed at their own property or facilities, *see* note 3, *supra,* but that their employes whose duties involve pesticide application are nevertheless subject to the requirements of the chapter.

■        Moreover, we agree with plaintiffs' understanding of ORS 634.006(13). We read the phrase "a business engaged in the application of pesticides upon the land or property of another" as meaning that that *is* the person's business, rather than something as incidental as routine equipment maintenance. ORS chapter 634 comprehensively regulates pesticide operators and the others that it specifies. It also confers significant benefits on them. It exempts public utilities from the principal regulatory mechanism. We do not think that the legislature intended to give them the benefit of ORS 634.172 and the other benefits of the chapter without attaching its requirements to them. We conclude that defendant is not a "pesticide operator" and that the summary judgment was erroneously granted.

Judgment for defendant Portland General Electric reversed and remanded; appeal dismissed as to defendant Clackamas County.